UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHEKINAH BERGMANN,**<br>3845 Canyon Ranch Rd, Unit 101<br>Highlands Ranch, Colorado 80126<br><br>and<br><br>**SGB INNOVATIVE CONSULTING, LLC,**<br>3845 Canyon Ranch Rd, Unit 101<br>Highlands Ranch, Colorado 80126<br><br>    Plaintiffs,<br>*v.*<br><br>**TYLER BOSSETTI,**<br>250 West Spring Street, Apt. 825<br>Columbus, Ohio 43215<br><br>and<br><br>**BOSSETTI ENTERPRISES, LLC,**<br>c/o HL Statutory Agent, Inc.<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br><br>and<br><br>**BOSS LIFESTYLE, LLC,**<br>c/o HL Statutory Agent, Inc.<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br><br>and<br><br>**JEFFERY SEKINGER,**<br>1080 Brickell Ave Unit 4402<br>Miami, Florida 33131<br><br>and | Case No. _____<br><br>Judge:<br><br>Magistrate:<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| **SEKINGER GROUP, LLC,**<br>c/o Bus. Filing Incorp.<br>4400 Easton Commons Way Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>**0PERCENT,**<br>c/o Jeffery Sekinger & Tyler Bossetti<br>1080 Brickell Ave Unit 4402<br>Miami, Florida 33131<br><br>  Defendants. | |

## COMPLAINT

Plaintiffs, Shekinah Bergmann and SGB Innovative Consulting, LLC, for their Complaint against Defendants, state the following:

## NATURE OF THE ACTION

1. Plaintiff Shekinah "Shay" Bergmann is the sole owner of SGB Innovative Consulting, LLC, "SGBIC", a corporation created to handle Shay's self-directed individual retirement account.

2. Tyler Bossetti owns and operates a constellation of LLCs for the purpose of managing investments in Ohio real estate. These include, but are not limited to, Boss Lifestyle, LLC, and Bossetti Enterprises, LLC.

3. Jeffery Sekinger is the sole owner of and operates Sekinger Group, LLC.

4. Bossetti and Sekinger jointly own and operate a number of LLC's, corporations, and partnerships for the purpose of managing investments in cryptocurrencies, real estate, and various alternative capital markets. One such entity is the unregistered partnership 0Percent, which they operated during the course of the events that make up this Complaint.

2

5.  Defendants, Bossetti and Sekinger, individually and through their unregistered partnership, Defendant 0Percent, fraudulently enticed Plaintiff to invest in their real estate schemes.

6.  Defendants are in default of multiple promissory notes owned to Plaintiffs and have refused to pay.

7.  Defendants committed a theft offense against Plaintiffs' retirement funds under Ohio Rev. Code 2913.01(K).

## JURISDICTION

8.  This Court has subject matter jurisdiction over this action under 28 U.S. Code § 1332(a) because the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between Plaintiffs and the Defendants.

9.  Defendants consented to this Court's personal jurisdiction in the promissory notes at the heart of the case.

## VENUE

10. The Southern District of Ohio, Eastern Division is the proper venue for this case because Defendant Tyler Bossetti resides in the district, 28 U.S. Code § 1391(b)(3), and/or the district is the situs for numerous real properties relevant to the claim, 28 U.S. Code § 1391(b)(2).

## PARTIES

11. Plaintiff Shay Bergmann is a citizen of Colorado who resides at 3845 Canyon Ranch Rd, Unit 101, Highlands Ranch, CO 80126.

12. Plaintiff SGB Innovative Consulting, LLC, is a single-member LLC registered in the state of Illinois and owned by Shay Bergmann, citizen of Colorado.

13. Defendant Tyler Bossetti is a citizen of Ohio who resides at 250 W Spring St., Apt 825, Columbus 43215.

14. Defendant Boss Lifestyle, LLC is a single-member LLC registered in the state of Ohio and owned by Tyler Bossetti, citizen of Ohio.

15. Defendant Bossetti Enterprises, LLC is a single-member LLC registered in the state of Ohio and owned by Tyler Bossetti, citizen of Ohio.

16. Defendant Jeffery Sekinger is a citizen of Florida who resides 1080 Brickell Ave., Unit 4402, Miami 33131.

17. Defendant Sekinger Group, LLC is a single-member LLC registered in the state of Ohio and owned by Jeffery Sekinger, citizen of Florida.

18. Defendant 0Percent is an unregistered, *de facto* partnership of Defendants Tyler Bossetti, citizen of Ohio, and Jeffery Sekinger, citizen of Florida, with its primary place of business in Franklin County, Ohio.

## STATEMENT OF FACTS

19. Jeffery Sekinger founded '0Percent' in 2018. At the time, Sekinger used "0Percent" as the fictitious name for Sekinger Group, LLC. However, "0Percent" was never registered as a trade name or fictitious name in the state of Ohio.

20. Jeffery Sekinger operated as 0Percent on his own for two years before starting a casual business relationship with Tyler Bossetti, a local Columbus real estate investor during or around 2019.

21. In or around 2020, Bossetti and Sekinger began operating a joint enterprise adopting the name 0Percent.

22.     0Percent was, at the time of the events relevant to this claim, a partnership between Defendants Jeffery Sekinger and Tyler Bossetti. 0Percent was engaged in a broad swath of financial consulting activities. Their business included inducing investors into taking out low interest loans which the partners would invest in real estate, providing financial consulting and networking classes, and selling access to the partners' hedge funds.

23.     Defendants held themselves out as a partnership to potential clients in their promotional materials and interactions with clients.

24.      However, Jeffery Sekinger maintains at times that he is a sole founder 0Percent. This confusion arises from the partners' use of the name to refer to all of: (1) Jeffery Sekinger's original company founded in 2018 using 0Percent as a fictitious name, (2) the partnership that formed from the business venture between Tyler Bossetti and Jeffery Sekinger in 2020 and lasted through 2022, and (3) Jeffery Sekinger's return to the use of 0Percent as an unregistered fictitious name for Sekinger Group, LLC, after the ouster of Bossetti.

25.     0Percent is not and was never registered as a partnership in the state of Ohio or, upon information and belief, any other jurisdiction. However, the Defendants conducted business in the state of Ohio under the name 0Percent.

## First Contact

26.     Plaintiff Shay Bergmann is a healthcare consultant in Highlands Ranch, Colorado.

27.     To better prepare for retirement, on or about January 8, 2021, Bermann met with Defendant Jeffery Sekinger.

28.      To increase Bergmann's access to capital, Sekinger directed Bergmann to create a self-directed retirement account and a limited liability corporation to manage it.

29.     On or about January 19, 2021, Bergmann registered SGBIC as a limited liability corporation in the state of Illinois using a third-party administrator referred to by Sekinger.

30.     On or about July 11, 2021, Bergmann created their self-directed retirement account through a different third-party administrator recommended by Sekinger, and appointed SGBIC as the manager.

### The 0Percent Real Estate Fund Pitch Meeting

31.     Two months prior to the finalization of the self-directed retirement account, on or about May 25, 2021, Sekinger provided Bergmann with a link through the 0Percent website to set up an appointment with Tyler Bossetti.

32.     During the meeting between Bossetti and Bergmann, Bossetti presented his "Pitch Deck" promoting real estate investment opportunities in central Ohio. A true and accurate copy of the Pitch Deck is attached as Exhibit A.

33.     The Pitch Deck included examples of prior successful real estate investments as well as the specific parcels of real estate offered to Bergmann for investment.

34.     The first slide of the Pitch Deck contains the text "Real Estate Fund" in large letters just above a 0Percent Logo, Ex. A-1.

35.     Defendant Bossetti used the Pitch Deck to induce investors into funding "The 0 Percent Real Estate Fund", Ex. A-5.

36.     On the second slide of the pitch deck, there is a disclaimer that Boss Lifestyle, LLC, was operating in the name of 0Percent, Ex. A-2.

37.     The Pitch Deck linked to a document titled "Credibility & FAQ Sheet", a copy of which was provided to Bergmann on May 25, 2021, Ex. A-24. A true and accurate copy has been attached hereto as Exhibit E.

38. The first page of the Credibility & FAQ Sheet contains 0Percent's name and logo in the center of the page and the text "COMPANY BUSINESS MODEL" directly below, Ex. E-1.

39. The second page of the Credibility & FAQ Sheet contains a headshot Tyler Bossetti in a light blue suit, smiling with his arms crossed. The photo is captioned "Tyler Bossetti Co-Founder, 0Percent" and lists a personalized company email address "@0percent.com", Ex. E-2.

40. Just below the headshot is a paragraph titled "WHAT DOES **OUR** REAL ESTATE FUND DO?", emphasis added, *Id*.

41. The Credibility & FAQ Sheet refers to Jeffery Sekinger as Bossetti's "business partner" referring to "the business, 0Percent," in the prior bullet, Ex. E-9.

42. Bossetti stated that in the event of default or death, 0Percent and Jeffery Sekinger had agreed to serve as a financial backstop for any of the Fund's outstanding liabilities, Ex. E-9.

43. The statements in paragraphs 31-42 above were made to induce the belief that Plaintiff was investing with the 0Percent partnership.

44. Those statements were made to induce the belief that Tyler Bossetti was a representative and/or owner of 0Percent.

**The Pitch – Intentional Misrepresentation of Fund Size, Structure, and Past Performance**

45. On the second page of the Credibility & FAQ Sheet, Defendant stated "[o]n average [the 0Percent Real Estate Fund] acquire[s] roughly $3-5 [million] in new properties each month", Ex. E-2.

46. On information and belief, at the time such statement was made, it was untrue.

47. Bossetti knew that the statement was untrue because he was the Fund's records custodian and primary transactor.

48. Bossetti made the statement to mislead Bergmann and induce their investment with Bossetti.

### The Pitch – Intentional Misrepresentation of Guarantees of Security

49. Tyler Bossetti promised to grant a security interest in the real property acquired in the pitch to the lender in the Credibility & FAQ Sheet, Ex. E-8.

50. Bossetti had no intention of keeping these promises when he made the statements.

51. Relying on the lack of investor sophistication in real estate lending, Bossetti asserted that Bergmann would have the right of foreclosure in the event of default, Ex. E-8 and F-9.

52. Bossetti knew or should have known that the loan structure offered would not have granted a security interest as a regular participant in the mortgaging and real estate lending industry.

53. The above-referenced statements were material misrepresentations made with the intent to induce Plaintiff to action under a false belief.

54. Plaintiff relied on the representations to make the decision to invest with 0Percent, Tyler Bossetti, and Jeffery Sekinger.

### The Notes – Default and Acceleration

55. On or about June 1, 2021, Defendants Boss Lifestyle and Bossetti executed and delivered to Bergmann a Promissory Note (the "First Note"), in which Boss Lifestyle and Bossetti, jointly and severally, covenanted and promised to Bergmann the principal sum of $27,504.00 no later than the final maturity date of May 25, 2022. A true and correct copy of the First Note is attached as Exhibit B.

56. In exchange, Plaintiff lent Defendants $19,100.00.

57. The funds exchanged for the First Note were contributions by Plaintiff in the real estate investment opportunities pitched in the May meeting.

58. Bossetti executed the First Note in furtherance of the partnership's activities and for the 0Percent Real Estate Investment Fund.

59. The funds lent to Defendants for the First Note were not retirement funds and due back to SGBIC's business checking account.

60. Upon creating the self-directed retirement account, Plaintiff wired the contents of their prior retirement account to the self-directed retirement account managed by SGBIC.

61. On or about August 6, 2021, Defendants Boss Lifestyle and Bossetti executed and delivered to Bergmann a Promissory Note (the "Second Note"), in which Boss Lifestyle and Bossetti, jointly and severally, covenanted and promised to Bergmann and SGBIC the principal sum of $60,336.00 no later than the final maturity date of August 9, 2022. A true and correct copy of the Second Note is attached as Exhibit C.

62. In exchange, Plaintiff lent Defendants $41,900.00.

63. The funds exchanged for the Second Note were continuing contributions by Plaintiff in the real estate investment opportunities pitched in the May meeting.

64. Bossetti executed the Second Note in furtherance of the partnership's activities and for the 0Percent Real Estate Investment Fund.

65. The funds lent to the Defendants for the Second Note were taken from Bergmann's self-directed retirement account.

66. On or about April 14, 2022, Defendants Boss Lifestyle and Bossetti executed and delivered to Bergmann a Promissory Note (the "Third Note"), in which Boss Lifestyle and Bossetti, jointly and severally, covenanted and promised to Bergmann and SGBIC the principal

sum of $144,000.00 no later than the final maturity date of April 24, 2023. A true and correct copy of the Third Note is attached as Exhibit D.

67. In exchange, Plaintiff lent Defendants $100,000.00.

68. The funds exchanged for the Third Note were continuing contributions by Plaintiff in the real estate investment opportunities pitched in the May meeting.

69. Bossetti executed the Third Note in furtherance of the partnership's activities and for the 0Percent Real Estate Investment Fund.

70. The funds lent to Defendants for the Third Note were taken from Bergmann's self-directed retirement account.

71. The First Note, Second Note, and Third Note all contained an identical provision stating that a late or missed payment past the maturity date constitutes a default on the note, Ex.'s B-D, 2¶5, item (1).

72. The First Note, Second Note, and Third Note all contained an identical provision stating that a default by the Defendant on any note between the parties constitutes a default on that note, *Id*. at item (2).

73. The First Note, Second Note, and Third Note all contained an identical provision stating that in the event of a default, the interest on the note would increase from 44% per annum to 49% per annum, *Id*. at 2.

74. The First Note, Second Note, and Third Note all contained an identical provision stating that in the event of a payment more than ten days delinquent, Defendants would be assessed a late fee equivalent to five percent of the principal balance due, *Id*.

75. The First Note, Second Note, and Third Note all contained an identical provision stating that in the event the obligors failed to pay, Defendants would be liable for all costs associated with collection, including attorney's fees, *Id.* at 3.

76. On or about June 3, 2022, Bossetti attempted to pay the First Note, but unlawfully deposited the funds into the self-directed retirement account instead of SGBIC's business account.

77. At the time, the First Note was nine days delinquent, originally due May 25, 2022.

78. First, Bossetti's delinquency constituted a default on the First Note under its terms.

79. Second, failure to successfully repay the First Note to the correct account constituted a material breach of the First Note, Ex. B-6.

80. Third, the breach and default on the First Note each constituted a default on the Second Note and Third Note under their terms.

81. Upon default on May 25, 2022, the Second Note and Third Note became immediately due.

82. Defendants' failure to pay the First Note to the correct account necessitated a return of the funds under the law governing Bergmann's self-directed retirement account.

83. Bergmann issued the return of funds on November 30, 2022.

84. After receiving the funds from Bergmann, Defendants failed to remit the funds for the First Note to the correct account.

85. On or about November 3, 2022, Defendants repaid in part their obligation for the Second Note in the sum of $60,336.00, 86 days delinquent from the Note's original maturity date and 162 days delinquent from the Note's maturity date for default.

86. Defendants have never attempted to repay the Third Note, now more than one year and three months delinquent.

## COUNT I
## BREACH OF CONTRACT

87. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

88. The First Note is a valid and enforceable contract between Plaintiffs Bergmann and SGBIC and Defendants Boss Lifestyle and Tyler Bossetti.

89. Defendants entered into the contract within their capacity as owner and/or agent of 0Percent.

90. As principal of 0Percent, Defendant Jeffery Sekinger is jointly liable for the obligations under the note.

91. Plaintiff Bergmann fully completed their obligations under the First Note.

92. Defendants have materially breached the contract by (i) refusing to remit payment to Plaintiff Bergmann due and owing on the First Note; (ii) failing to pay Late Charges and interest thereon at the default rate; (iii) and otherwise disregarding and ignoring Defendants' obligations to Bergmann under the First Note.

93. Defendants are liable in the amount of $47,521.00 plus interest, attorney fees and collections costs for the First Note.

## COUNT II
## BREACH OF CONTRACT

94. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

95. The Second is a valid and enforceable contract between Plaintiffs Bergmann and SGBIC and Defendants Boss Lifestyle and Tyler Bossetti.

96. Defendants entered into the contract within their capacity as owner and/or agent of 0Percent.

97. As principal of 0Percent, Defendant Jeffery Sekinger is jointly liable for the obligations under the note.

98. Plaintiffs fully completed their obligations under the Second Note.

99. Defendants have materially breached the contract by (i) refusing to remit payment to Plaintiffs due and owing on the Second Note; (ii) failing to pay Late Charges and interest thereon at the default rate; (iii) and otherwise disregarding and ignoring Defendants' obligations to Plaintiffs under the Second Note.

100. Defendants are liable in the amount of $16,336.00 plus interest, attorney fees and collections costs for the Second Note.

## COUNT III
## BREACH OF CONTRACT

101. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

102. The Third Note is a valid and enforceable contract between Plaintiffs Bergmann and SGBIC and Defendants Boss Lifestyle and Tyler Bossetti.

103. Defendants entered into the contract within their capacity as owner and/or agent of 0Percent.

104. As principal of 0Percent, Defendant Jeffery Sekinger is jointly liable for the obligations under the note.

105. Plaintiffs fully completed their obligations under the Third Note.

106. Defendants have materially breached the contract by (i) refusing to remit payment to Plaintiffs due and owing on the Third Note; (ii) failing to pay Late Charges and interest thereon

at the default rate; (iii) and otherwise disregarding and ignoring Defendants' obligations to Plaintiffs under the Third Note.

107. Defendants are liable in the amount of $191,795.00 plus interest, attorney fees and collections costs for the Third Note.

## COUNT IV
## FRAUDULENT INDUCEMENT

108. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

109. Defendant Tyler Bossetti had a duty to Plaintiffs arising from his special relationship as a solicitor, promoter, manager, and fiduciary of Plaintiffs' investment funds.

110. Bossetti knowingly made material misrepresentations to Plaintiff Bergmann on May 25, 2021, to induce Plaintiff into investing with Defendants' real estate fund.

111. Plaintiff reasonably relied on Defendant's misrepresentations to invest in the 0Percent Real Estate Fund and, as result, suffered damages.

112. As principal of 0Percent, Defendant Jeffery Sekinger is jointly liable for the wrongful actions of his partner pursuant to Ohio Rev. Code §§ 1776.35(A) and 1776.36(A).

113. Defendant Bossetti Enterprises, LLC, on information and belief, is the knowing beneficiary recipient of funds from the fraudulent inducement.

114. Defendants are liable in excess of $175,000.00 in damages, plus interest, attorney fees and costs. Additionally, Defendants are liable for punitive damages to be assessed at trial.

## COUNT V
## FRAUD

115. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

14

116. Defendants Tyler Bossetti and Jeffery Sekinger held themselves out as a partnership or joint venture entity despite having no intention of forming or operating as a partnership or joint venture entity.

117. Defendants Tyler Bossetti, Jeffery Sekinger, Boss Lifestyle, LLC, and Sekinger Group, LLC, unlawfully conducted business under the same unregistered fictitious name to mislead Plaintiff.

118. On or about January 8, 2021, Defendants Jeffery Sekinger and Sekinger Group, LLC operated under the unregistered fictitious name 0Percent to mislead Plaintiff into investing in their company.

119. Defendants knowingly made material misrepresentations to Plaintiff regarding their corporate status on May 25, 2021, to induce Plaintiff into investing with Defendants Bossetti's real estate fund and Sekinger's crypto businesses and hedge fund.

120. Plaintiff reasonably relied on Defendants' fraudulent statements to invest and, as result, suffered damages.

121. Without such representations, Plaintiff would not have taken the leveraged position in regard to the First through Third Notes.

122. Because each Defendant perpetrated and participated in the "0Percent" fraud in a coordinated effort to mislead Plaintiff, Defendants Sekinger Group, LLC, Jeffery Sekinger, Tyler Bossetti, and Boss Lifestyle, LLC, are jointly and severally liable for the wrongful acts.

123. Defendant Bossetti Enterprises, LLC, on information and belief, is the knowing beneficiary recipient of funds from the fraudulent inducement.

124. Defendants are liable in excess of $175,000.00 in damages, plus interest, attorney fees and costs. Additionally, Defendants are liable for punitive damages to be assessed at trial.

## COUNT VI
## UNJUST ENRICHMENT

125. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

126. Plaintiff provided a benefit in the form of $27,504.00 in refund for improperly applied loan payments.

127. Defendants Tyler Bossetti and Boss Lifestyle, LLC, were aware of the refund and repeatedly referenced their duty to repay in communications with Plaintiff.

128. Defendants went so far as to state that they had paid Plaintiff and that Plaintiff only needed to wait for the funds to arrive.

129. Defendant has retained the return of funds without just cause.

130. It would be inequitable for Defendant to retain the funds.

131. Defendants are liable for $27,504.00 in damages, plus interest, attorney fees and costs.

## COUNT VII
## CIVIL THEFT (Ohio Rev. Code § 2307.61)

132. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if each and every such allegation were fully restated herein.

133. Defendants Tyler Bossetti, and Boss Lifestyle, LLC, exercised control over Plaintiffs' funds under the First, Second, and Third Notes pursuant to the authority granted under the investor-investee relationship.

134. Defendants committed a theft offense, pursuant to Ohio Rev. Code §§ 2913.02(A)(2) and (B)(1), against the funds of all three Notes, $161,000.00 in value, by maintaining control over the funds beyond the scope of their authority with the intent to permanently deprive Plaintiffs, deprive Plaintiffs for a period of time so as to deny Plaintiffs a substantial portion of its value,

and/or accept, use, and appropriate the money without proper consideration and without justification.

135. Defendants committed a theft offense, pursuant to Ohio Rev. Code §§ 2913.02(A)(3) and (B)(1), against the funds of all three Notes, $161,000.00 in value, by maintaining control over the funds by means of deception with the intent to permanently deprive Plaintiffs, deprive Plaintiffs for a period of time so as to deny Plaintiffs a substantial portion of its value, and/or accept, use, and appropriate the money without proper consideration and without justification.

136. Defendant Bossetti Enterprises, LLC, on information and belief, is the recipient of the benefits of and complicit to the theft offense, and thus liable under Ohio Rev. Code §§ 2913.01(K)(4).

137. Defendants are liable for $161,000.00 in damages, plus treble damages pursuant to Ohio Rev. Code § 2307.61(A)(1)(b)(ii) and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

On Counts I to III, Plaintiff seeks judgment against Tyler Bossetti, Jeffery Sekinger, and Boss Lifestyle, LLC, in the amount of Two Hundred Fifty-Five Thousand, Six Hundred Twenty-Five Dollars and 00/100 Cents ($255,625.00), plus interest, attorney's fees, and any action in equity this Court deems necessary.

On Count IV, Plaintiff seeks compensatory damages against all Defendants in the amount of Two Hundred Fifty-Five Thousand, Six Hundred Twenty-Five Dollars and 00/100 Cents ($255,625.00), plus interest, attorney's fees, and any action in equity this Court deems necessary. Plaintiff additionally seeks punitive damages in excess of One Hundred Thousand Dollars and 00/100 Cents ($100,000.00) with a final amount to be determined at trial.

On Count V, Plaintiff seeks compensatory damages against all Defendants in the amount of Two Hundred Fifty-Five Thousand, Six Hundred Twenty-Five Dollars and 00/100 Cents ($255,625.00), plus interest, attorney's fees, and any action in equity this Court deems necessary. Plaintiff additionally seeks punitive damages in excess of One Hundred Thousand Dollars and 00/100 Cents ($100,000.00) with a final amount to be determined at trial.

On Count VI, Plaintiff seeks judgment against Defendants Tyler Bossetti and Boss Lifestyle, LLC, in the amount of Twenty-Seven Thousand, Five Hundred Four and 00/100 Cents ($27,504.00), plus interest, attorney's fees, and any action in equity this Court deems necessary.

On Count VII, Plaintiff seeks judgment against Defendants Tyler Bossetti and Boss Lifestyle, LLC, in the amount of Four Hundred Eighty-Three Thousand Dollars and 00/100 Cents ($483,000.00), plus interest, costs, and any action in equity this Court deems necessary.

        Respectfully submitted,
        **JACKSON SMITH, LLC**

        _/s/ Nathaniel W. Jackson_
        Nathaniel W. Jackson (0083891)
        Trial Attorney
        513 East Rich Street
        Columbus, Ohio 43215
        Ph: 614-721-5210
        Fax: 614-573-8690
        Email: njackson@jacksonsmithllc.com
        Attorney for Plaintiff